UNITED STATES of America ex rel.
Paul FLAMMIA—N.Y.S.-E.H.
345, Petitioner,

v.

Mr. Vito TERNULLO, Superintendent,
Fishkill Correctional Facility,
Respondent.

No. 76 Civ. 1632–CSH.

United States District Court,
S. D. New York.

Nov. 10, 1976.

Paul Flammia, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, by Asst. Atty. Gen. David L. Birch, Brooklyn, N. Y., of counsel, for respondent.

## MEMORANDUM AND ORDER

HAIGHT, District Judge.

The Petitioner, by application for writ of habeas corpus, seeks reversal of his conviction upon four felony counts imposed following a trial before Judge Lipitz in Suffolk County Court. Petitioner was sentenced to a prison term of one to seven years. It is Petitioner's contention that he was denied numerous Constitutional rights because he was not given a state hearing on the question of his competency to stand trial. After careful consideration of this application, the request for writ of habeas corpus is denied.

### I

### The Facts

On March 15, 1973, the Petitioner Paul Flammia was convicted by a jury trial on three counts of criminal possession in the third degree and one count of conspiracy, third degree. On March 22, 1973, Petitioner was sentenced, by Judge Lipitz, to the term of one to seven years incarceration. This was to run consecutive to a sentence of up to seven years imprisonment, imposed by Judge Lipitz on July 25, 1972, following conviction for the crimes of conspiracy, third degree and grand larceny, second degree.

The 1973 trial, whose conviction is challenged by this application, commenced on January 10, 1973. The following day, January 11, the court was recessed due to Petitioner's illness. On January 12, a new attorney was substituted to represent Petitioner. At that time, the new counsel, Mr. Caiati, claimed that the Petitioner was incoherent. Following some discussion with the judge, court was recessed until January 15.

No courtroom business transpired on the morning of the 15th. The Petitioner had suddenly sought a hearing before Justice DeLuca, Supreme Court, Suffolk County, to determine Petitioner's claim that he required immediate medical treatment for a heart condition. However, Justice DeLuca told Judge Lipitz to proceed with selecting the jury. The People moved to stay the hearing before Justice DeLuca, which Petitioner had brought pursuant to New York CPLR Article 78. In light of this series of legal maneuvering, Judge Lipitz selected the jury on the afternoon of the 15th, and recessed the trial until January 22.

On January 17, the Appellate Division, Second Department, stayed the Article 78 hearing. Accordingly, no order was ever issued by Justice DeLuca. In addition, the Second Department subsequently affirmed this conviction. *People v. Flammia,* 48 A.D.2d 1014 (2d Dept. 1975). Leave to appeal to the Court of Appeals was denied.

Petitioner now seeks relief under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254. He alleges that his right to a fair and impartial trial, guaranteed by the Sixth Amendment, has been violated by preventing him from obtaining a hearing on the competency question. Petitioner also alleges that the denial of a hearing violated his protection against cruel and unusual punishment, guaranteed by the Eighth Amendment, and his right to due process and equal protection, as guaranteed by the Fourteenth Amendment.

Petitioner alleges that these enumerated rights were violated by New York's failure to hold a competency hearing pursuant to Article 730 of the Criminal Procedure Law of New York. He asserts that he was an incapacitated person, as defined by CPL Sec. 730.10(1):

" 'Incapacitated person' means a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense."

Petitioner alleges that at the time of his trial he was such an incapacitated person,

due to a combination of prescribed drugs which were known to him (valium, quaalude) and prescribed drugs unknown to him. He alleges that this combination of drugs placed him in a stupor and denied his counsel Petitioner's effective assistance at trial.

To support his allegation of incompetency and the Constitutional violations arising from the state's failure to hear the matter, Petitioner raises four points. First, he contends that his pre-trial motion for severance, which was denied, should have been viewed as an application for an incapacitated person hearing, pursuant to CPL Secs. 730.10(1) and (3). Petitioner argues that this should have been done because the severance motion stated in detail the mental and physical incapacitation.

Second, Petitioner states that he never acquiesced to the appointment of new counsel, except by gutteral, unintelligible sounds. He contends that he never gave any competent responses when the court queried him as to this matter.

Third, Petitioner alleges that he suffered a coronary insufficiency during the early part of the trial (January 11) and that as a result, he was examined, returned, and them immersed in a complicated trial of which he was not fully aware.

Fourth, Petitioner argues that the action taken by the People, in staying the Article 78 proceeding before Justice DeLuca, effectively denied him a full hearing on the question of capacity. That hearing, which was directed to the Petitioner's request for immediate medical treatment, was completed, but, in compliance with the order of the Second Department, no order was issued.

## II

### Discussion

The leading case concerning a defendant's right to a hearing on his capacity to stand trial is *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). *Robinson* holds that a trial court's inquiry into the competency of an accused is Constitutionally compelled only where there is a bona fide doubt on that question. In *Rob-*

*inson,* the Court noted that the defendant had a history of prior mental illness, which he had attempted to show the trial court before trial, but his contentions were rejected. He later raised those issues of insanity at trial. The Court stated that Robinson had not been given an adequate opportunity to obtain sufficient expert psychiatric testimony at trial, or to otherwise sufficiently develop the facts of his insanity defense. The trial had been unduly hurried, since the judge had refused Robinson an opportunity to employ a defense which he was entitled to use. He was Constitutionally entitled to a full hearing, pre-trial, because he had shown facts which raised a bona fide doubt as to his insanity. Since six years had passed since trial, the Court stated that a retroactive hearing posed insurmountable difficulties, and a new trial was required.

In the instant case, Flammia's claim of incompetency is belied by the record. Each of his four points must fail. He urges this court to treat his pre-trial severance motion as an application for an incapacity hearing. However, he had ample opportunity to make such an application, yet failed to do so. Further, if the Petitioner would have this court read the application for severance as an application for an incapacity hearing, then this court should accordingly note that those medical arguments were rejected by the trial court on the severance motion. In addition, when the Article 78 hearing was held, the Petitioner made the same medical argument, and the Second Department ordered the hearing stayed and the trial resumed. Petitioner never sought an incapacity hearing under CPL Sec. 730.30, though he was aware of his right to do so. If a state accused, who was represented by competent counsel, fails to utilize an available state procedure, and if the state courts considered the Constitutional claim on the merits, then the federal court may properly deny relief. See *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), *Henry v. Mississippi,* 379 U.S. 443, 450–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). Petitioner here never complained about counsel,

and the Appellate Division did hear his Constitutional claims, on the merits, as regards his alleged incapacity and the alleged denial of a hearing.

■ Petitioner's second claim, that he never acquiesced to appointment of new counsel, is clearly contradicted by the record. On January 11, the trial was recessed due to Flammia's illness. The next day, when trial was resumed, Petitioner agreed to substitution of counsel, as follows:

THE COURT: Is that agreeable to you that Mr. Caiati be here to represent you?

MR. FLAMMIA: Yeah.

This exchange is not extended, but it is apparent that the court reporter understood Flammia to signify his assent to counsel's representation. Presumably Judge Lipitz formed the same conclusion. There is no basis for this court to assume that Petitioner's response was limited to "unintelligible gutteral sounds."

■ Petitioner's third assertion, that he could not understand the proceedings, is also belied by the record. At the beginning of the trial, Petitioner clearly announced his presence. He was also coherent when he gave his pedigree after conviction. More damaging to his claim is the fact that the hearing held before Justice DeLuca, while issuing no order, did present medical testimony to the effect that the Petitioner's heart most probably could stand trial, and that continued medication would not affect his understanding at trial. There was no medical testimony to the contrary. Finally, on January 11, when defense counsel argued that Flammia had been rendered incoherent by medication he had been given, the trial judge replied that the nurse assigned to Petitioner had reported that he had been given an aspirin substitute, not a sedative.

■ Petitioner's fourth argument, that the stay of the Article 78 hearing denied him an opportunity for a full hearing, is without merit. As stated previously in this opinion, the Appellate Division had authority to stay a lower court proceeding which was improper. There was no reason why Petitioner could not have sought a true incapacity hearing pursuant to CPL Sec. 730.30. While a truly incompetent defendant cannot waive his right to a determination of his fitness to stand trial, it is only where the evidence before the court provides a reasonable ground for believing that he is incompetent, that the court should order the examination. *United States ex rel. Roth v. Zelker,* 455 F.2d 1105 (2d Cir. 1972). *Pate v. Robinson, supra,* does not mandate a competency hearing if the evidence does not warrant one. A trial court is under no obligation to order such a hearing on its own motion, where the defendant does not request one, and the evidence does not suggest that one is necessary. See *United States ex rel. Evans v. LaVallee,* 446 F.2d 782 (2d Cir. 1971).

In the present case, Petitioner attempted to avoid trial by requiring the trial court to release him in order to obtain medical treatment. The Appellate Division found this to be an improper procedure. Now, the Petitioner would have this court order a new trial, on the grounds that Petitioner was incompetent, and that a pre-trial motion for severance should have alerted the trial court of that incapacity. The facts of this case as well as the existing law belie Petitioner's claims.

Accordingly, Petitioner's application for a writ of habeas corpus must be in all respects denied.

It is So Ordered.